Pbost, J.
delivered the opinion of the Court.
Before proceeding to the principal question presented in the case, several detached grounds of appeal will be considered. The fourth ground affirms that the levy was excessive ; and that a purchase by the plaintiff in execution, under an excessive levy, is void. It is assumed that the excess of the levy is to be decided by the quantity of laud sold, and not by the price it brought. A levy is not excessive, the sale of which is insufficient to satisfy the execution. This seems to be admitted as to a stranger, but not as to the plaintiff, who may purchase. A purchase by the plaintiff, in a fail-competition, cannot be vacated, because the sale was made at a great depreciation. If no fraud or unfair practice be used by the plaintiff: his purchase will be as much protected as that of a stranger. It was submitted to the jury to determine if the plaintiff had been guilty of any fraud or unfair practice* in the sale of the land. With the direct evidence respecting its value, the circumstance that Singleton had abandoned the land, and that it had remained unclaimed by any person for more than 30' years, was brought to their notice.
The exception taken in the fifth ground of appeal is not material. The sales were made between the time of the ■lodgment of the execution and its return. The return of the sales implies a levy. But were it otherwise, the validity of the purchaser’s title does not depend on the return. The omission to endorse it on the execution is a mere irregularity, and may be supplied at any time.—Williamson v. Farrow, 1 Bail. 611.
The report shows that the eighth ground of appeal presents a very imperfect statement of what was said, by the Circuit Judge, on the subject of the plaintiff's minority. The defendants did not claim by the statute of limitations, nor rely on any presumption of a grant or release, which might be repelled by the infancy of the plaintiff. Their title to the land depended on the validity of the Sheriff’s conveyance to *218 Barclay, McCrae and Cantey; which could not be affected by the plaintiff’s minority.
The eleventh ground, which excepts to the refusal of the Circuit Judge to submit to the jury the fact of Singleton’s death, furnishes an answer to the exception, taken in the twelfth ground, to his alleged comments to the jury on the evidence of that fact.
The evidence referred to in the thirteenth ground, as hav- . ing been rejected, was a printed brief of the case, between the parties named, in the Court of Appeals.
All the other grounds relate to the validity of the- Sheriff’s deed to Barclay, McCrea and Cantey. If that be valid, the plaintiff is not entitled to recover.
It is contended for the plaintiff, that the execution, under which the land in dispute was sold, is void, because the judgment in sei. fa. on which it was issued is void, having been rendered on the return of one nihil. . Many authorities were adduced to show that a judgment, rendered without the service of process, actual or constructive, on the party to be charged, is void for want of jurisdiction; so that no right or title can be acquired under it — that the objection may be taken collaterally in any action in which a title, derived from such judgment, may be in issue. These positions may be admitted without affecting the decision in this case. In the application of them to the question under consideration, it is assumed, by the counsel for the plaintiff, that the execution, under which the defendant claims, was issued on the judgment in sei. fa. But it is proposed to show that the authority to issue the execution is derived from the original judgment by confession — in rendering which, the.Court had, undeniably, jurisdiction; that the return of one nihil to the writ of sci. fa. at the time the judgment was rendered, was regular and sufficient; and even if it were not, that the execution was, on that account, voidable only, and not void; that purchasers under an execution, voidable for irregularity, are protected in their titles; and that an execution can be set aside for irregularity, only on a direct application of the defendant; and that after a lapse of forty years, such a motion will not be entertained by the Court.
At common law, all process is discontinued after a year and a day; so that if the plaintiff neglected to sue out execution within that time, he was afterwards prevented, and was obliged to bring an action of debt on the judgment. By the statute of Westminster, the writ of sci. fa. was given to have execution of the judgment. This is a mere continuation of the original proceeding. It must be issued from and *219 returned to the Court in which the judgment remains of record. No interest nor damages are recoverable, nor costs, until the statute of 8 and 9 William III. It is called a, “writ of execution,” and the judgment rendered oil its return is, that the plain tiff have execution of the original judgment.
In the Common Pleas, if the sci. fa. be issued on a judgment, against the defendant, and the Sheriif return nihil, and the defendant make default, judgment is rendered against him, without awarding a second sci. fa. — Tidd, 1125. In the King’s Bench, in the like' case, two nihils are requisite; but it was usual to sue out both writs together, making the teste of the second as if the first had actually been returned. Thus for any purpose of actual notice, there was little difference between the practice of the two courts. The return of one nihil to the sci. fa. against Singleton, was pursuant to the practice in the Common Pleas; and it must be assumed .that the proceeding was directed by that practice. The case of Grimke v. Mayrant was decided after the judgment was rendered against Singleton. That case, confessedly, introduced a new practice, more suitable, as it was said, to the organization of our courts, when it required personal service of the writ, if the defendant was known to be in the State. It was not decided what course should be pursued if the defendant was in the State, and the plaintiff did not know where he resided. There is no proof that McCrae and Canty had any information respecting Singleton’s residence. The'record of the judgment in sci. fa. against Singleton is perfectly regular, according to the Common Pleas practice. To adjudge, at this time, that one return of nihil was not sufficient, would be, in effect, to review that judgment; and now, for the first time, declaring that the practice of our Court shall conform to that of the King’s Bench, introduce a rule, and reverse a former judgment for error in not having conformed to it.
But the plaintiff insists that having shown that Singleton was absent from the State when the sci. fa. was issued, and for a period of time which would raise the presumption of his death; that as against a defendant absent from the State, a copy of the writ should have been posted at the Court House door, pursuant to the Act of 1792; or on the presumption of his death, two nihils should have been returned, according to the practice of the Common Pleas in such case. It is unnecessary to decide on the admissibility or effect of such evidence to avoid a judgment, rendered 40 years ago. It may be admitted thát the return of one nihil was insufficient to *220 warrant the judgment on the sci. fa., and that the judgment was irregular and void. Then the case will be, that the ji. fa. was issued eleven years after the return of the first fi. fa., without intermediate returns and continuances. It is well settled law that an execution so issued is voidable only, and not void. In Patrick v. Johnson, 3 Lev. 404, which was trespass for false imprisonment, the defendants justified the arrest and imprisonment of the plaintiff under an execution. The plaintiff replied that more than a year and a day had expired after the judgment was rendered, before the execution was sued out. The plaintiff demurred, and it was resolved, that an execution, issued after a year and a day, is not void, but. voidable only; and that, until it is reversed, it is a good justification. The same point has been affirmed in numerous cases.—Henry v. Ferguson, 1 Bail. 513; Barkley v. Scriven, 1 N. and McC. 408; Jackson v. Bartlet, 8 Johns R. 361; Jackson v. Delaney, 13 Johns. R. 538.
It is equally well settled that the purchaser, under an execution not void, but voidable only, will be protected in his title; and that the objection cannot be made by third persons. In Henry v. Ferguson, which was an action of trespass to try title, the plaintiff claimed under an execution issued on a judgment in sci. fa. It was objected that the sci. fa. was irregular. Col cock, J. said it was unnecessary to consider whether the judgment produced were regular or not, for it has repeatedly been decided that third persons cannot inquire into the matter. It was an authority, as long as it stood unreversed, to issue the execution. Barkley v. Scriven, 1 N. and McC. 408; Jackson v. Delaney, 13 Johns. R. 538; Jackson v. Styles, 9 Johns. R. 391.
After a lapse of 40 years, judicial proceedings cannot be set aside for irregularity. The distinction between judicial proceedings, which are void and voidable only, has been overlooked in the argument for the plaintiff. Authorities' have been cited to prove that a void judgment is a nullity, and that the objection may be taken to defeat any title acquired under it, by any person, and in any action, without limitation of time. It is unnecessary to controvert these cases. The judgment by confession against Singleton, under which the defendant claims, is undeniably valid. The objection to the execution is a mere irregularity in suing out process, and makes it only voidable. It is too late, even on motion, for the defendant in execution to set it aside. In
, 2 Bay, 233; a motion was refused after twelve years. In Jackson v. Robins, 16 Johns. R. 571, Chancellor *221 Kent held twenty-seven years clearly a bar. The case of Thompson v. Skinner, 7 J. R. is almost identical with the present. A motion was made to set aside a judgment, which had been entered 25 years before, on affidavit that the defendant died in vacation and before the teste of the writ; and that his heirs had ever since been under disabilities, as minors or femes covert. The motion was'refused, on the ground that, after 20 years, no judicial proceeding ought to be set aside for irregularity.
This rule is indispensable to the security of judicial sales. A purchaser cannot be required to examine into the record, and, reviewing the judgment and proceedings in the case, be held to buy at the risk of his own vigilance and skill in discovering any irregularity, apparent in the proceedings; and against such as may afterwards be presented by the loss or destruction of any part of the proceedings, and also against such as may be created in the record, apparently regular and complete, by the admission of extrinsic evidence. The rule acquires the force of public necessity, when titles, confirmed by long possession, are assailed. If time is not permitted to supply the evidence it destroys, rights become more insecure in proportion to the period they have been possessed. In this case the defendant is a purchaser for valuable consideration, without even any imputed notice of any fraud or defect in the title acquired under the execution against Singleton, which had descended without claim or dispute to the third generation of the purchaser. If such a title be not protected by law against the objections now made by the heirs of Singleton, judicial sales would suffer a shock which would produce incalculable mischief.
The motion is refused.
O’Neall, J. Evans, J. Wardlaw, J.' and Withers, J, concurred.

Motion refused.